# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DAVID G. MAGRAW,** ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 09cv11534-NG** |
| ) | |
| **GARY RODEN,** ) | |
| **Respondent.** ) | |

Gertner, D.J.:

## ORDER RE: MOTION TO DISMISS
August 27, 2010

Magraw raises five claims in his habeas petition.  While respondent agrees that four have been exhausted, he argues that one claim remains unexhausted – namely, petitioner's claim that his right to due process, as set out in Jackson v. Virginia, 443 U.S. 307 (1979),[1] was violated because there was insufficient evidence to support a finding a second-degree murder.  Respondent has brought a motion to dismiss on this ground.  For the reasons discussed below, **respondent's motion to dismiss is DENIED.  Document #8.**

To exhaust a claim, a petitioner must present that claim "fairly and recognizably" to the state's highest court.  That is to say, he must have advanced the claim "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question."  Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994).

In Massachusetts, a state habeas petitioner must "fairly present" his federal claim to the Supreme Judicial Court ("SJC") within the "four corners of the ALOFAR [the application for leave to obtain further appellate review]."  Mele v. Fitchburg Dist. Court, 850 F.2d 817, 823 (1st

---

[1] In Jackson, 443 U.S. at 324, the Supreme Court held that due process requires the state to prove every element of a criminal offense beyond a reasonable doubt.  On habeas review, federal courts must examine the evidence presented at trial to determine whether, viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found proof of guilt beyond a reasonable doubt."  Id.

Cir. 1988).  There are several ways in which a petitioner can satisfy the fair presentment requirement: citing a provision of the U.S. Constitution or constitutional precedent; alleging a violation of a constitutional right; "advanc[ing] the claim in a manner that alerts the state court to its federal nature," Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010); or citing state court precedents that rely on federal constitutional law.  Id.  In addition, a petitioner may present his claim by "asserting a state claim that is, for all practical purposes, indistinguishable from a federal constitutional claim."  Id.  See also Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007).  The federal and state court filings need not be identical; all that is required is that the legal arguments are synonymous.  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008); Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987); see also Picard v. Connor, 404 U.S. 270, 277-278 (1971) (internal quotations omitted) ("Obviously there are instances in which the ultimate question for disposition will be the same despite variations in the legal theory or factual allegations urged in its support.").

Here, while Magraw did not cite constitutional precedent or the Constitution itself, his claim is "functionally identical" to one arising under federal law.  Nadworny v. Fair, 872 F.2d 1093, 1099-1100 (1st Cir. 1989).  In his 2003 ALOFAR, Magraw clearly presented a challenge to the sufficiency of the state's evidence.  He wrote:

> D. Sufficiency of the Evidence
> Was the evidence in the case, viewed in the light most favorable to the Commonwealth, sufficient to sustain a finding of second degree murder?

App. Ex. F at 24.  This claim was not buried in the pleadings; it had its own heading and its own section in the table of contents.  Respondent argues that because Magraw devoted only a small portion of his brief to this claim, it was not fairly presented.  But exhaustion does not contain a

"quantity" requirement.  All that is demanded of Magraw is that he "sufficiently apprise[]" the SJC of his federal claim such that it has "a meaningful opportunity to address [it]."  <u>Rashad v. Walsh</u>, 300 F.3d 27, 41 (1st Cir. 2002).  He did so here.  His ALOFAR alerted the SJC to his legal claim and, in keeping with the principles of comity, gave the SJC the chance to correct any constitutional violations.  <u>See</u> <u>Clements</u>, 485 F.3d at 162.

Courts have generally found claims to be unexhausted when they were not presented to the state court at all or were only tangentially related to claims that were raised.  <u>See, e.g.</u> <u>Janosky</u>, 594 F.3d at 50-51 (holding that where state pleadings only included claims that evidence violated best evidence and hearsay rules, it did not fairly present a federal Confrontation Clause claim); <u>Mele</u>, 850 F.2d at 823 (finding that petitioner did not fairly present issue where claim was omitted entirely from ALOFAR).  That is not the case here.  While Magraw may have raised his insufficiency claim more eloquently in his habeas petition, the "legal theory [presented] in the state and federal courts [is] . . . the same."  <u>Gagne</u>, 835 F.2d at 7.

**Defendant's motion to dismiss is DENIED.  Document #8.**


**SO ORDERED.**

**Date:   August 27, 2010**                                          */s/ Nancy Gertner*
                                                                      **NANCY GERTNER, U.S.D.C.**